**B.V. INCORPORATED, d/b/a the Great Alaska Bush Company, II, Petitioner,**

**v.**

**Allen PHELPS, Respondent.**

**No. S–5355.**

Supreme Court of Alaska.

Oct. 21, 1992.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## ORDER

On consideration of the petition for review, filed on October 2, 1992, and the response to the petition, filed on October 5, 1992,

IT IS ORDERED:

1. The petition for review is granted.

2. The trial court's order of September 28, 1992, compelling the production of an investigative report under Alaska Civil Rule 16.1(k)(4), which appears to be pro-tected in whole or in part under the work product doctrine and the attorney/client privilege, is reversed. Civil Rule 16.1(k)(4) requires the production of investigative reports which are "otherwise discoverable under Civil Rule 34." The work product doctrine and the attorney/client privilege limit discovery under Civil Rule 34. *Langdon v. Champion*, 752 P.2d 999 (Alaska 1988). Therefore, to the extent that the report is protected by the work product doctrine or the attorney/client privilege, it need not be produced.

3. This case is remanded to the superior court for further proceedings consistent with this order.